

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-1571

Re: Authority of Board of Trustees
of one county to form county
line rural high school district.

We are in receipt of your letter of May 8, 1940, in which you request the opinion of this department, as to whether the County Board of School Trustees of one county, which has been given jurisdiction for administrative purposes over certain county line districts, may group or annex such school districts to form a county line rural high school district containing more than 100 square miles, under the provisions of Article 2922c, without the consent of the county school trustees of each of the counties having territory in such county line school district.

Article 2922a, Revised Civil Statutes, 1925, authorizes the County Board of School Trustees to group or annex school districts under certain conditions to form rural high school districts.

Article 2922c, Revised Civil Statutes, 1925, reads as follows:

"No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purposes; and provided further, that the said

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

board of county school trustees may form a rural
high school district containing more than seven
elementary districts upon a vote of a majority
of the qualified voters in each of the elementary
districts within such proposed rural high school
district."

Article 2922d, Revised Civil Statutes, 1925, provides:

"The county board of trustees of two or more
adjoining counties shall have the authority, upon
the written order of a majority of the members of
each county board concerned, to establish a county
line rural high school district, and to designate
the county which shall have supervision of said
county line rural high school district. Said county
line rural high school district shall be governed
as other rural high school districts herein pro-
vided for." (Underscoring ours.)

In County School Trustees of Lubbock County vs. Harral
County Line Independent School District (T. C. A. 1936), 95 S.W.
(2d) 204, Article 2922d was applied by the court in a situation
similar to that presented in your letter. In that case, the
County School Trustees of Lubbock County had been given super-
vision and control of the Harral County Line School District
which lay in Hale and Lubbock Counties. The Lubbock County School
Trustees called an election and attempted to group this county
line school district with another district to form a rural high
school district containing more than 100 square miles, without
first having secured the consent of the County School Trustees
of Hale County. The court held that the Lubbock County Board
acted beyond its authority, and in so holding, stated:

"Here the inhibition against the annexation
of the territory of one county to that of another
for the purpose of creating a rural high school
district, without its consent given in the manner
provided in said Article 2922d, is, under the above
rule, plainly prohibited....Much emphasis is placed
by appellants upon the right of Lubbock County
Trustees to take the action aforesaid because Hale
County had theretofore surrendered to Lubbock all
supervision of the school situated in the territory
embraced in the Harral County Line District, and
which included a part of Hale County, and same had
been exercised continuously since about 1916. The

Honorable L. A. Woods, Page 3

Legislature must have known, when it enacted said Article 2922d, that there was probably then, or would thereafter be, numerous county line school districts, both common and independent. Naturally each of these would have to be supervised from one county to avoid confusion. If the mere right of supervision gave the legal right of annexation to form rural high school districts, why enact said Article 2922d, in its present broad language, for in every case where a common or independent district had been formed, such right of supervision in one or the other of the two or more counties would be present? Undoubtedly, the legislative intent was to prohibit any such annexation of territory upon the present facts, for the situation here is to our minds plainly what could have been foreseen as existing in many cases when Article 2922d was cast into its present verbage. The language is specific and admits of no doubt. The present situation is not made an exception, as it should have been, and could easily have been, if such had been intended."

It is our opinion that the County Board of School Trustees of the county having administrative control of a county line school district is without authority to conduct an election and group or annex such district to another school district to form a rural high school district, without the consent of each county board of school trustees, as provided in Article 2922d, Revised Civil Statutes, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC/oe     APPROVEDJUN 11, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _Bwb_
CHAIRMAN